```
 1  STEPHANIE M. HINDS (CABN 154284)
    Acting United States Attorney
 2  MICHELLE LO (NYRN 4325163)
    Chief, Civil Division
 3  ADRIENNE ZACK (CABN 291629)
    Assistant United States Attorney
 4
         450 Golden Gate Avenue, Box 36055
 5       San Francisco, California 94102-3495
         Telephone: (415) 436-7031
 6       Fax: (415) 436-6748
         adrienne.zack@usdoj.gov
 7
    Attorneys for Defendant the United States
 8
    SETH HARRIS (CABN 253802)
 9  McCARTHY & HOLTHUS, LLP
    2763 Camino Del Rio South, Suite 100
10  San Diego, CA  92108
    Ph: (619) 685-4800
11  Fax: (619) 685-4811
    sharris@mccarthyholthus.com
12
    Attorneys for Plaintiff
13
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC, | ) | CASE NO. 3:21-cv-6638-JCS |
| Plaintiffs, | ) ) | **JOINT INITIAL CASE MANAGEMENT STATEMENT OF PLAINTIFF AND DEFENDANT THE UNITED STATES** |
| v. | ) ) | |
| DAVE STANLEY; BERRY W. MEYER, Executor of the Estate of Melvin Rouse; and DOES 1 to 50, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff and Defendant the United States, parties to the above-captioned action, jointly submit this Joint Initial Case Management Statement pursuant to the Court's Order dated August 30, 2021, ECF No. 4, the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9:

//

JOINT INITIAL CASE MANAGEMENT STATEMENT
3:21-cv-6638-JCS                                                              1

**1. Jurisdiction and Service**

This is an action for partition of a property in Santa Rosa, California, which Defendant the United States (for the Internal Revenue Service ("IRS")) removed to this Court on August 27, 2021, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444. Section 1444 provides that the United States may remove any case brought under 28 U.S.C. § 2410, including actions for partition. All parties have been served, and there are no issues regarding venue.

**2. Facts**

On April 15, 2020, Plaintiff Bayview Loan Servicing, LLC, brought an action in Sonoma County Superior Court for declaratory relief, cancellation of instrument, and partition of a property located at 815 Butler Avenue, Santa Rosa, California. Plaintiff owns 50 percent of the property, Defendant David Stanley owns 25 percent, and Defendant Lisa Stanley owns 25 percent. The IRS has recorded Notices of Federal Tax Liens against Defendants David and Lisa Stanley.

In the complaint, Plaintiff alleged that a 2002 deed of trust in favor of Defendant Barry Meyer should have been reconveyed but that it had not. Plaintiff sought declaratory judgment and cancellation of that instrument. Plaintiff also sought a partition by sale and accounting against the Stanley Defendants.

While the matter was in state court, the issue regarding the 2002 deed of trust was resolved, and a stipulated judgment was entered regarding Defendant Meyer. When the IRS liens were discovered, the United States was added as a Defendant, and the IRS subsequently removed the matter to this Court. The IRS has recorded liens against David and Lisa Stanley, both individually and jointly (depending on the year), for 2006, 2007, 2008, 2009, 2010, 2012, 2013, 2014, 2015, and 2016. The balance of the liens as of November 9, 2021, are as follows:

| | |
|---|---|
| David Stanley: | $609,046.88 |
| Lisa Stanley: | $411,101.32 |
| David & Lisa Stanley (jointly): | $188,504.82 |

**3. Legal Issues**

The following legal issues are in dispute: Whether partition by sale is the most equitable division of the property. Whether Defendants David and Lisa Stanley owe Plaintiff a portion of the rents and

profits from the real property collected since June 26, 2018.  The priority of all liens and interests in the property.

**4. Motions**

There are no prior or pending motions.  Any party may file a motion for summary judgment, if appropriate.

**5. Amendments to the Pleadings**

Plaintiff does not expect at this time to seek to amend the Complaint.  Defendant the United States expects to amend its answer to include the date, amount, and character of the IRS liens and proposes to do so by December 10, 2021.

**6. Evidence Preservation**

Plaintiff and Defendant the United States agree that this case is not an e-discovery matter.  Both Plaintiff and Defendant the United States acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

**7. Disclosures**

The parties have not made Rule 26 initial disclosures in this matter removed from state court.  At this time, Plaintiff and Defendant the United States wish for additional time to explore possible resolution prior to making disclosures.

**8. Discovery**

In state court, Plaintiff and the Stanley Defendants did not conduct any discovery.

Since removal, no discovery has been taken by any party.  Plaintiff and Defendant the United States anticipate minimal discovery if the matter is not able to be resolved to establish the amount of the IRS liens and any other liens.

Plaintiff and Defendant the United States do not propose any limitations or modifications of the discovery rules.  If modifications to the discovery rules become necessary, Plaintiff and Defendant the United States will seek to agree to such modifications, and if Plaintiff and Defendant the United States are unable to agree, the requesting party may seek relief from the Court under the relevant Rule of Civil Procedure and Local Rules.

Plaintiff and Defendant the United States do not believe that an e-discovery order will be required in this case because it does not involve electronic records. Plaintiff and Defendant the United States will produce any paper documents in PDF format. Plaintiff and Defendant the United States stipulate to service of discovery-related documents via email only, including copies of any third party subpoenas (with any other method a party desires as an additional method of service). If it is not possible to transmit a document or documents via email, the sending party will contact the receiving party to arrange for alternate transmission methods. No discovery disputes have arisen at this time.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

There are no related cases.

**11. Relief Sought**

Plaintiff seeks a partition by sale and accounting.

**12. Settlement and ADR**

To date, Plaintiff and the Stanley Defendants have sought to informally resolve this matter through private sale. This has not yet been successful, in part due to the outstanding IRS liens. Plaintiff and Defendant the United States are open to further settlement or ADR efforts, including a settlement conference with a magistrate judge. Plaintiff and Defendant the United States do not believe that any discovery or motions are necessary prior to a settlement conference.

Plaintiff and Defendant the United States will file their ADR certifications and the ADR stipulation prior to the Case Management Conference.

**13. Consent to Magistrate for All Purposes**

Plaintiff and Defendant the United States have consented to magistrate jurisdiction. Dkt. Nos. 9 & 15. Defendants David Stanley and Lisa Stanley have not filed a consent or declination.

**14. Other References**

None.

**15. Narrowing of Issues**

None at this time.

**16. Expedited Schedule**

None suggested.

**17. Scheduling**

Plaintiff and Defendant the United States respectfully request that a schedule be set at a case management conference to occur after a settlement conference.

**18. Trial**

Plaintiff and Defendant the United States agree that a jury trial is not available in an action for partition. Plaintiff and Defendant the United States estimate that a bench trial would take one day.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff is unaware of any.

Defendant the United States is exempt from this requirement as a federal government entity.

**20. Professional Conduct**

Counsel for Plaintiff and Defendant the United States have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

None.

| | |
|---|---|
| DATED: November 29, 2021 | Respectfully submitted, |
| /s/ Seth Harris [1] <br> SETH HARRIS <br><br> Attorney for Plaintiff | STEPHANIE M. HINDS <br> Acting United States Attorney <br><br> /s/ Adrienne Zack <br> ADRIENNE ZACK <br> Assistant United States Attorney <br> Attorneys for Defendant the United States |

---

[1] *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

JOINT INITIAL CASE MANAGEMENT STATEMENT
3:21-cv-6638-JCS                                   5

# CERTIFICATE OF SERVICE

**<u>Bayview Loan Servicing, LLC v. Stanley, et al.</u>**
**Case No. 21-cv-06638-JCS**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**JOINT INITIAL CASE MANAGEMENT STATEMENT OF PLAINTIFF AND DEFENDANT THE UNITED STATES**

to be served this date upon the parties in this action by placing a true copy thereof in a sealed envelope, and served as follows:

**[X] FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.**

[ ] CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

[ ] PERSONAL SERVICE (BY MESSENGER)

[ ] FEDERAL EXPRESS via Priority Overnight

[ ] EMAIL

[ ] FACSIMILE (FAX)

to the party(ies) addressed as follows:

| **Defendant:**<br>Dave Stanley<br>815 Butler Ave.<br>Santa Rosa, CA 95407 | **Defendant:**<br>Lisa J Stanley<br>4949 Snyder Lane #144<br>Rohnert Park, CA 94928 |
|---|---|

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 29, 2021 at San Francisco, California.

*/s/ Adrienne Zack*
ADRIENNE ZACK
Assistant United States Attorney